ABEL BLISS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. ABEL BLISS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GEORGE W. WETHERBEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. GEORGE W. WETHERBEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 27136–27139.    Promulgated May 14, 1929.

*S. L. Herold*, *Esq.*, for the petitioners.
*J. E. Marshall*, *Esq.*, for the respondent.

OPINION.

ARUNDELL: These proceedings were submitted on the pleadings, a stipulation of facts, exhibits in the form of the several agreements, and a statement of the amounts received by the copartnership in 1922 under the instruments.

Although the agreements in evidence disclose that all of them were executed in the year 1921, with the exception of the one entered into February 1, 1922, with the Standard Oil Co. of Louisiana, pursuant to admissions made by respondent in his answers, we have found as a fact that the several instruments were entered into in the taxable year. Whatever the fact may be in this particular, we are satisfied that the agreements are in legal effect leases, and that the rights disposed of by the lessors did not constitute a sale of capital such as that term is understood in section 206 of the Revenue Act of 1921. *Henry L. Berg*, 6 B. T. A. 1287; *R. H. Hazlett*, 10 B. T. A. 332; and *John T. Burkett*, 7 B. T. A. 560; affd. C. C. A. 8th Cir., March 20, 1929. On the authority of these cases, respondent's action is affirmed.

540

The remaining issue raised by Mrs. George W. Wetherbee goes only to the authority of the respondent to tax her on a gain realized from what she claims to have been a sale of capital assets acquired by her husband before her marriage to him. Our conclusion that the transaction was not a sale of capital assets but a lease of property, and that the moneys received by the partnership was in the nature of rents or royalties, serves to dispose of the issue raised by her.

*Judgment will be entered for the respondent.*